988 F.2d 130
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James QUINN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3499.
 United States Court of Appeals, Federal Circuit.
 Jan. 14, 1993.
 
 MSPB
 AFFIRMED.
 Before ARCHER, LOURIE and SCHALL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 James Quinn petitions for review of the February 4, 1992 initial decision of the Administrative Judge (AJ), Docket No. DC0752920114-I-1, dismissing his appeal as having been untimely filed without good cause. The AJ's decision became final when the Merit Systems Protection Board denied review on June 2, 1992. We affirm.
 
 DISCUSSION
 
 2
 Quinn was removed from the position of police officer at the General Services Administration, Washington, DC, effective October 25, 1991, based upon the revocation of his security clearance as a result of a positive finding of drug use during a random drug screening and his arrest for assault and carrying a deadly weapon. Quinn filed an appeal with the Board on November 20, 1991, 26 days after the effective date of the action. The Board's regulations require that an appeal be filed within 20 days after the effective date of the action. See 5 C.F.R. § 1201.22(b) (1992). On November 25, 1991, the AJ issued an acknowledgement order in which he noted that Quinn's appeal appeared to be untimely and instructed him to file evidence and argument within fifteen days showing that the appeal was timely or showing good cause for the delay. Quinn did not respond to the order and the agency filed a motion to dismiss.
 
 
 3
 The AJ presumed that the appeal was postmarked five days prior to receipt by the Board since the envelope in which the appeal forms were mailed did not contain a postmark date. The AJ thus determined that the appeal was filed one day late, and found that Quinn had failed to show good cause for the delay. Quinn filed a petition for review by the Board supported by the affidavit of Maybelle P. Hallman, stating that on November 13, 1991, she hand-delivered an appeal letter for petitioner to the Board's Washington Regional Office. The Board denied review.
 
 
 4
 We review the Board's decision under a narrow standard, affirming the judgment unless it is arbitrary, capricious, an abuse of discretion, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Quinn bears the burden to establish good cause for his untimely appeal. 5 C.F.R. § 1201.56(a)(2)(ii) (1992). The Board gave Quinn ample opportunity to show good cause, but Quinn did not respond when required, doing so only when he filed his petition for review of the initial decision. Although he then presented evidence in support of his petition for review, he did not show that this evidence was unavailable before the record closed below. See 5 C.F.R. § 1201.115(c) (1992) ("The Board ... may grant a petition for review when it is established that: (1) New and material evidence is available that, despite due diligence, was not available when the record closed....").
 
 
 5
 Quinn states that he learned for the first time in the initial decision that the Board believed his appeal was filed on November 20, rather than November 13.* Although we are sympathetic to Quinn's alleged misunderstanding, the Board's acknowledgement order adequately informed Quinn on the issue of timeliness and he failed to respond. Litigants before the Board are obligated to respect the Board's procedures, including its deadlines, and the orders of the Board's judges. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). Additionally, the Board has broad discretion to decide whether to waive a time for appeal, and this court will not substitute its judgment for that of the Board. Id. Under these circumstances, we find no reversible error in the Board's decision.
 
 
 
 *
 Quinn also argues that he was not served with the agency's motion to dismiss and that the AJ erred in considering it. Since this issue was not raised before the Board, we do not consider it for the first time on appeal. See Spezzaferro v. Federal Aviation Admin., 807 F.2d 169, 174 (Fed.Cir.1986)